**UNITED STATES of America,**
**Appellee,**

v.

**Umeme RAYSOR, et al., Defendants,**

**Chaka Raysor and Derrick Henderson,**
**Defendants–Appellants.***

**Nos. 09–1101–cr(L), 09–1212–cr(CON).**

United States Court of Appeals,
Second Circuit.

March 16, 2010.

---

* The Clerk of the Court is respectfully directed to amend the official captions in these actions to conform to the caption in this summary order.

Gary Schoer, Syosset, NY, for Appellant, Chaka Raysor.

Larry Sheehan, Bronx, NY, for Appellant, Derrick Henderson.

Ali Kazemi, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants-appellees Chaka Raysor and Derrick Henderson ("defendants") appeal from the district court's March 11, 2009 orders, which denied their motions for a reduction of their sentences pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

Both defendants pled guilty to a single count of conspiring to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. At a sentencing proceeding conducted on June 1, 2007, the district court determined Raysor's applicable Sentencing Guidelines range to be 188 to 235 months, and sentenced him, in the main, to 204 months' incarceration. **[*Raysor* A25, A29]** The district court sentenced Henderson on June 22, 2007. The court calculated a Guidelines range of 151 to 188 months and sentenced him principally to 174 months' incarceration. **[*Henderson* A28, A43 A49]** Both defendants are presently incarcerated.

In 2008, following amendments to the Sentencing Guidelines that instituted a two-level reduction of the offense level for crack-related crimes, both defendants moved for a reduction of their sentence. *See* U.S.S.G. supp. to app. C, amend. 706 (2007) (amending the drug quantity table for U.S.S.G. § 2D1.1); U.S.S.G. supp. to app. C, amend. 713 (2007) (applying Amendment 706 retroactively). In separate orders, the district court calculated

new, reduced Guidelines ranges for each defendant, which are unchallenged on appeal. Nevertheless, based on renewed consideration of the factors set forth in 18 U.S.C. § 3553(a), the court declined to alter either defendant's sentence. [*Raysor* A43–44; *Henderson* A25]

We review the district court's denial of defendants' motions for abuse of discretion. *United States v. Borden,* 564 F.3d 100, 104 (2d Cir.2009). Defendants do not dispute that the district court re-considered the § 3553(a) factors in connection with their motions, as it was obligated to do. *See* 18 U.S.C. § 3582(c)(2). In doing so, the court emphasized the considerations that guided its initial application of these factors with respect to each defendant at the time he was originally sentenced. That approach, in and of itself, did not constitute an abuse of discretion.

Moreover, the district court was authorized—but not obligated—to reduce defendants' sentences. At bottom, however, defendants' appellate arguments indicate that they simply disagree with the manner in which the court applied the § 3553(a) factors when resolving their motions. Such contentions are insufficient to warrant relief from this Court. Accordingly, the district court's orders are **AFFIRMED.**